UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | Case No.  1:21-cr-00364-DLF |
| | * | |
| **ESTHER SCHWEMMER,** | * | |
| **Defendant** | * | |

### CONSENT MOTION TO CORRECT THE AMENDED JUDGMENT OR ALTERNATIVELY, MODIFY THE CONDITIONS OF PROBATION

Esther Schwemmer, by her undersigned counsel, hereby respectfully moves this Honorable Court to correct the Amended Judgment (ECF 37) to reflect the sentence the Court pronounced when it sentenced Ms. Schwemmer.  In particular, there are several standard conditions set out in the Amended Judgment that are contrary to the conditions the Court pronounced at sentencing.  Namely, at the sentencing hearing the Court indicated that it would not impose a condition restricting Ms. Schwemmer's travel to the state of Kansas as she and her husband were planning to travel throughout the United States, once he retired this spring.  *Compare* Standard Conditions 3 and 5 (ECF 37 at 3). Similarly, the Court did not impose an employment condition as Ms. Schwemmer is retired.  *Id.* (Standard Condition 7).  AUSA Anita Eve has no objection to the Motion.

### ARGUMENT

**I.     Legal Standard**

>   Because "[t]he pronouncement of the sentence constitutes the judgment of the court, the written judgment form is a nullity to the extent it conflicts with the previously pronounced sentence". This rule rests on two foundational principles:  (1) the defendant has a right to be present at sentencing,  and (2) "when a final judgment has once been entered, no second or different judgment may be rendered … until the first shall be vacated and set aside or reversed on appeal or error." When the two are in conflict, we will order the judgment corrected to conform to the sentence imposed from the bench.

*United States v. Love*, 593 F.3d 1, 9 (C.A. D.C. 2010) (internal citations omitted) (cleaned up).

In addition, pursuant to 18 U.S.C. § 3563(c), the Court "may modify, reduce, or enlarge the conditions of a sentence of probation at any time prior to the expiration or termination of the term of probation."

## II.     Standard Conditions of Probation

Three standard conditions set out in the Amended Judgment are in conflict with the sentence and conditions pronounced by the Court. These are:

> 3.     You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer
>
> 5.     You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
>
> 7.     You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. . . .

Amended Judgment (ECF 37 at 3).[1]

Ms. Schwemmer has already completed the special conditions imposed by the Court. She has completed the 60 hours of community service and paid the restitution and court costs in full.

---

[1] The Probation Officer has notified Ms. Schwemmer that she is not required to submit copies of pay stubs as she is retired but the condition requiring full-time employment remains in the Amended Judgment.

**III.     Sentence Pronounced by the Court**

At sentencing, Ms. Schwemmer requested that the Court not limit her travel to the state of Kansas as she and her husband were planning to travel throughout the United States in a recreational vehicle once he retired this spring. *See* Schwemmer Sentencing Memo (ECF 30 at 4);[2] Allocution letter (ECF 31-1).[3] Mr. Schwemmer will be officially retiring on April 29, 2022. Their first planned trip out-of-state is scheduled for May 4, 2022. In addition, for all effects and purposes, the Schwemmer's primary residence will be their recreational vehicle.[4]

As a result, in pronouncing sentence the Court stated that it would not impose a condition restricting Ms. Schwemmer to remain within the state of Kansas. Instead, the Court stated that Ms. Schwemmer could travel throughout the continental United States without obtaining permission in advance of her trips throughout the country. However, as noted above, the standard conditions which are pre-printed on the Amended Judgment required her to reside in the state of Kansas and to obtain prior approval of the Court or probation officer before traveling out of state. Conditions 3 and 5 are contrary to the sentence the Court pronounced on January 10, 2022.

---

[2] "Her husband is now a civilian employee of the Department of Defense and plans to retire this year. With retirement in mind, they have sold their home and are now living in a rental residence. Once retired, they had planned to travel throughout the United States in an RV."

[3] "In addition to my personal anguish, I regret the impact on my daughter and husband of 37 years who has served faithfully as a careersoldier and now as a Department of Defense civilian. He has transitioned us to full time RV'ing, setting up residency in South Dakota, to travel around this beautiful country. And now we don't know what we will do when our lease expires in April 2022."

[4] The lease on their apartment expires at the end of April 2022. Thereafter, they will be traveling in their Recreational Vehicle. When they return to Kansas they will be staying with friends. In addition, every year they will return to Kansas for an extended period of weeks to obtain medical treatment at the V.A. Hospital in Kansas.

The United States Probation Officer in Kansas assigned to Ms. Schwemmer's case has notified Ms. Schwemmer that unless the Court modifies the travel condition, Ms. Schwemmer must "submit a travel request form for each trip" that she has planned and "to give 2 weeks notice and receive permission before traveling out of district." While Ms. Schwemmer has provided a list of her travel destinations to the Probation Officer, the requirement for advance permission is concerning and burdensome both to Ms. Schwemmer and to the Probation Office. In particular, the Schwemmers stand to forfeit reservation fees at the various camp sites where they plan to stay, if the travel is not authorized in time.

## CONCLUSION

Wherefore, Ms. Schwemmer respectfully moves the Court to correct the Amended Judgment to eliminate Standard Conditions 3, 5 and 7 as contrary to the conditions pronounced by the Court when it sentenced Ms. Schwemmer on January 10, 2022 to allow her to travel throughout the continental United States without advance permission from the Probation Office and to use their RV as their primary residence; and to eliminate the requirement that she maintain full-time employment. Alternatively, Ms. Schwemmer respectfully requests that the Court modify the conditions to eliminate Standard Conditions 3, 5, and 7.

Respectfully submitted,

/s/ *Carmen D. Hernandez*

**Carmen D. Hernandez**
Bar No. MD 03366
7166 Mink Hollow Rd
Highland, MD 20777
240-472-3391

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the instant Motion was served via email on counsel of record and stand-by counsel on April 12, 2022.

                                            /s/ *Carmen D. Hernandez*

                                            **Carmen D. Hernandez**